IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRIN D. ANTHONY, ID # 766599, )<br>   Petitioner, )<br>)<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>   Respondent. ) | No. 3:04-CV-2019-P (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction for aggravated robbery in Cause No. F96-46655-NS. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On October 18, 1996, petitioner was convicted of aggravated robbery and was sentenced to life imprisonment. TR[1] at 37 (judgment). On April 20, 1998, the court of appeals affirmed his conviction. *Anthony v. State*, No. 05-96-01850-CR, 1998 WL 182805, at *1-4 (Tex. App. – Dallas Apr. 20, 1998, no pet.). It granted petitioner until July 28, 1998, to file a petition for discretionary review (PDR). *See Anthony v. State*, No. 05-96-01850-CR, http://www.courtstuff.com/FILES/05/96/

---

[1] "TR" refers to the trial records in Cause No. F96-46655-NS.

05961850.HTM (docket sheet information generated Nov. 27, 2006) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas) (hereinafter referred to as State Docket Sheet). Despite such extension of time, petitioner filed no PDR. *See id.*

On November 11, 1998, he filed his first state petition for writ of habeas corpus. *See* S.H. Tr.-01[2] at 2. On May 26, 1999, the Texas Court of Criminal Appeals denied that writ. *See Ex parte Anthony*, No. 40,335-01, slip op. at 1 (Tex. Crim. App. May 26, 1999). On January 11, 2000, petitioner filed a second state writ. *See* S.H. Tr.-02[3] at 3. The Texas Court of Criminal Appeals dismissed that writ on March 1, 2000. *See Ex parte Anthony*, No. 40,335-02, slip op. at 1 (Tex. Crim. App. Mar. 1, 2000). On June 7, 2004, petitioner filed a third state writ. *See* S.H. Tr.-03[4] at 2. The Texas Court of Criminal Appeals dismissed that writ on July 28, 2004. *See Ex parte Anthony*, No. 40,335-03, slip op. at 1 (Tex. Crim. App. July 28, 2004).

Petitioner commenced this action when he filed his original federal petition on September 15, 2004. (*See* Pet. Writ Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that (1) he was entitled to free trial transcripts when he appealed his conviction; (2) he received ineffective assistance of trial counsel when his attorney failed to present additional witnesses and failed to object to enhancement paragraphs; (3) the trial

---

[2] "S.H. Tr.-01" denotes the state habeas records attached to *Ex parte Anthony*, No. 40,335-01, slip op. (Tex. Crim. App. May 26, 1999).

[3] "S.H. Tr.-02" denotes the state habeas records attached to *Ex parte Anthony*, No. 40,335-02, slip op. (Tex. Crim. App. Mar. 1, 2000).

[4] "S.H. Tr.-03" denotes the state habeas records attached to *Ex parte Anthony*, No. 40,335-03, slip op. (Tex. Crim. App. July 28, 2004).

court erred when it dismissed the jury panel before punishment, admitted evidence of a prior offense, permitted witnesses to provide contradictory testimony, accepted his plea of true to enhancement allegations, and failed to charge the jury on punishment; (4) insufficient evidence supports his conviction; (5) insufficient evidence supports the enhancement of his sentence; and (6) his indictment was defective.

On January 5, 2005, the Court issued a preliminary order to show cause in which it directed respondent to a preliminary response and the state court record. On March 7, 2005, respondent filed a preliminary response in which he urges the Court to dismiss the instant federal petition as untimely, and also argues that some claims are unexhausted and procedurally barred. The response prompted several filings by petitioner, including motions for extension of time and motions to voluntarily dismiss this action without prejudice.

On February 5, 2007, the Court denied the motions to voluntarily dismiss the action and granted petitioner an additional thirty days to file a reply brief. It informed petitioner that he needed to file a "Notice of Dismissal" in accordance with Fed. R. Civ. P. 41(a)(1) to effectuate a dismissal of this action without prejudice, and that, if he has "filed neither a 'Notice of Dismissal' nor a reply brief, the Court will proceed as though petitioner desires to proceed without filing a reply to the preliminary response." Following that order, the Court received responses or motions from petitioner on February 21, 2007; February 28, 2007; March 12, 2007; and April 5, 2007, in which petitioner asserts that he is actually innocent of the crime for which he has been convicted.

## II. STATUTE OF LIMITATIONS

Notwithstanding the allegation that petitioner has failed to exhaust his state remedies, the Court may deny the instant "writ of habeas corpus . . . on the merits." *See* 28 U.S.C. § 2254(b)(2). The Fifth Circuit Court of Appeals suggested in *dictum* that the term "on the merits" in § 2254(b)(2) includes "limitations or laches or procedural default." *See United States v. Clark*, 203 F.3d 358, 370 n.13 (5th Cir. 2000), *vacated on other grounds*, 532 U.S. 1005 (2001) (remanding case for further consideration in light of *Daniels v. United States*, 532 U.S. 374 (2001)) *and opinion withdrawn on other grounds*, 284 F.3d 563 (5th Cir. 2002) (affirming district court opinion after considering *Daniels*). Subsequently, the Fifth Circuit applied the statute of limitations in § 2244 *sua sponte* to convert a dismissal without prejudice for a failure to exhaust into a dismissal with prejudice for failure to timely file the § 2254 petition. *See Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000). Accordingly, this Court will consider whether petitioner timely filed the instant federal petition despite the alleged failure to exhaust state remedies for all claims.

**A.  <u>Antiterrorism and Effective Death Penalty Act of 1996</u>**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his conviction but filed no PDR, despite a granted extension of time to do so.  The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* on July 20, 1998, the date to which the court of appeals extended the deadline for such filing.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate).  Petitioner's state judgment of conviction thus became final on July 20, 1998.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on July 20, 1998.  By the time the

5

court of appeals affirmed his conviction on April 20, 1998, petitioner would have known or should have know through the exercise of due diligence the factual predicate of his claims.

Because petitioner filed his original petition more than one year after his conviction became final on July 20, 1998, a literal application of § 2244(d)(1) renders petitioner's September 15, 2004 filing untimely.

**B. Tolling**

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Petitioner's first two state applications for writ of habeas corpus provide some statutory tolling of the limitations period. Petitioner, however, did not file his third state application until June 7, 2004, more than four years after the dismissal of his second state application. That application thus provides no further statutory tolling, and by the time petitioner filed the instant federal petition in September 2004, the one-year limitations period had long since expired. Petitioner's federal filing thus falls outside the statutory period and should be deemed untimely in the absence of equitable tolling.

Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute

6

of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Although petitioner claims to be actually innocent of the crime for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).

Petitioner, moreover, has not established that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has not met this standard. He argues that the complainant could not identify him as the perpetrator,[5] and that the two witnesses who identified him at trial perjured themselves when they identified him as the perpetrator. He further argues that surveillance video would show that he was not wearing a white T-shirt as mentioned by witnesses and that he had no blood on him despite testimony that the victim was bleeding. Despite his arguments, petitioner has not shown that it is more likely than not that no reasonable juror would have found him guilty.

Petitioner also argues that his claims have merit and that he proceeded without counsel during relevant portions of the state proceedings. Such arguments, however, do not present rare and exceptional circumstances that warrant equitable tolling. If the Court were to toll the limitations

---

[5] Contrary to petitioner's argument, the complainant identified him has the perpetrator at the scene and at trial. *See* RR-II at 147-48, 150, 163.

period merely on an assertion that asserted claims have merit, such tolling would eviscerate the limitations period. With regard to petitioner's *pro se* status, equitable tolling is not warranted merely because a petitioner was without counsel during parts of the state post-conviction process and was not well-versed in the law. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeded without counsel likewise does not warrant tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner, moreover, has not shown that he diligently pursued relief under § 2254. Although his conviction became final in 1998 and he would have known the factual basis for his claims at that time, petitioner did not commence the instant action until September 2004, more than four years after the Texas Court of Criminal Appeals dismissed his second state application for writ of habeas corpus. This lengthy delay exhibits a lack of diligence. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim." *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002). Due to the unexplained lengthy delay prior to pursuing federal habeas relief, petitioner is entitled to no equitable tolling. That petitioner filed a third state application in June 2004 that was dismissed in July 2004 provides no basis for finding that petitioner diligently pursued federal habeas relief.

8

For all of these reasons, equitable tolling is not warranted in this case. In the absence of equitable tolling, the instant action falls outside the statutory period and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 26th day of June, 2007.**

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE